Filed 11/26/13  P. v. Myers CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C072491 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF112060) |
| v. | |
| KEITH GERALD MYERS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Keith Gerald Myers has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We affirm the judgment.

**BACKGROUND**

On September 21, 2011, around 9:00 p.m., Officer Stephanie Maky and parole agent Larry Dunn were driving when they saw a Camaro parked by the side of the road

1

with its engine running but headlights off. Maky made a U-turn and pulled in behind the Camaro. Before Maky could contact the driver, the Camaro pulled away from the curb, drove a short distance down the street, made a U-turn and began to drive away. During this time the Camaro's headlights were still not on. Maky conducted a traffic stop of the Camaro and Dunn recognized defendant as an active parolee subject to search. A search of the Camaro disclosed several items of stolen property.

Following the denial of his motion to suppress evidence, defendant pled no contest to receiving stolen property and admitted having served a prior prison term.[1] On October 22, 2012, the trial court imposed a sentence of four years, stayed execution thereof, and placed defendant on probation for five years. The court awarded defendant 350 days of presentence custody, consisting of 234 days actually served plus 116 days of conduct credit. The court imposed restitution fines of $240 in accordance with Penal Code sections 1204, and 1204.44 and a criminal conviction assessment fee of $70.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

---

[1] Defendant also pled no contest to second degree burglary in a separate case for which he received a four-year concurrent term.

## DISPOSITION

The judgment is affirmed.


      DUARTE, J.


We concur:


      HULL, Acting P. J.


      HOCH, J.